WILMON W. C. SITES v. INHABITANTS OF THE TOWNSHIP OF WEST HOBOKEN.

1. The act of March 12th, 1878, (*Pamph. L*, *p.* 70,) is applicable to the township of West Hoboken.
2. If that act did not apply to West Hoboken, the plaintiff would be entitled to recover, in this case, remuneration for his services rendered for the township under employment of the township committee.

On rule to show cause.

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *J. B. Vredenburgh.*

For the defendant, *Augustus A. Rich.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The facts of this case appear in the following state of the case :

An assessment of the cost, damage and expense incurred in altering and widening the Mountain road, in the township of West Hoboken, and also an assessment of the cost, damage and expense incurred in opening and grading a new street called Hudson avenue, which assessments had been made under the charter of said township (*Pamph. L.* 1871, *p.* 1429; 1874, *p.* 594; 1875, *p.* 600,) having been wholly vacated and set aside by the Supreme Court, the township committee directed an application to be made to the Circuit Court of Hudson county, under the provisions of an act of the legislature of New Jersey entitled " An act to provide for the assessment and payment of the costs and expenses incurred in constructing sewers and making other improvements in townships and villages," approved March 12th, 1878, for the appointment of commissioners to make a new assessment for each of said street improvements.

Application was accordingly made, and the court appointed Garret D. Van Reipen, Elijah T. Paxton and Andrew Clerk as commissioners in each case.

The commissioners duly qualified, and appointed and employed the plaintiff as engineer to assist them in making their assessments. The plaintiff, as such engineer, attended all the meetings of the commissioners, fifteen in number, and made maps of each improvement, and of the property directed to be assessed therefor.

The commissioners made their assessments, and reported the same to the Circuit Court; and these assessments, on the application of the township committee, were confirmed by the court.

Afterwards, on the 16th day of September, 1879, the court made the following orders:

The commissioners in the above-entitled matter, having made and presented their report, and the same having been confirmed, and application being now made to the court to fix the compensation to be paid to the said commissioners, and to their counsel and engineer:

It is, on this 16th day of September, 1879, ordered by the court that the compensation of the said commissioners, viz., Garret D. Van Reipen, Elijah T. Paxton and Andrew Clerk be, and the same is hereby, fixed at the sum of $56 each; and that the compensation of Wilmon W. C. Stites, the engineer employed by said commissioners, be, and the same hereby is, fixed at the sum of $111.50; and that the compensation of Augustus A. Rich, the counsel employed by said commissioners, be, and the same hereby is, fixed at the sum of $50. And it is further ordered that the several amounts aforesaid be paid to the respective persons aforesaid, by the township committee of the township of West Hoboken.

And it is further ordered that the said township committee of the township of West Hoboken pay to Alfred E. Gregory, the proprietor of the "Palisade News," the sum of $11.40, for publishing notices and printing handbills for the said

commissioners, and to M. Mullone, the proprietor of the "Argus," the sum of $10.50, and to the "Evening Journal Association," the sum of $10.50, for printing notices for said commissioners.

And it is further ordered that the said township committee of the township of West Hoboken pay to the clerk of this court the fees of the court and clerk in these proceedings, to be taxed by the said clerk.

Dated September 16th, 1879.

M. M. KNAPP, *J.*

The commissioners in the above-entitled matter, having made and presented their report, and the same having been confirmed, and application being now made to the court to fix the compensation to be paid to the said commissioners, and to their counsel and engineer:

It is, on this 16th day of September, A. D. 1879, ordered by the court that the compensation of said commissioners, viz., Garret D. Van Reipen, Elijah T. Paxton and Andrew Clerk, be, and the same hereby is, fixed at the sum of $64 each; and that the compensation of Wilmon W. C. Sites, the engineer employed by said commissioners, be, and the same is hereby, fixed at the sum of $156; and that the compensation of Augustus A. Rich, the counsel employed by said commissioners, be, and the same hereby is, fixed at the sum of $50. And it is further ordered that the several amounts aforesaid be paid to the respective persons aforesaid, by the township committee of the township of West Hoboken.

And it is further ordered that the said township committee of the township of West Hoboken pay to the clerk of the court the fees of the court and clerk in these proceedings, to be taxed by said clerk.

Dated Jersey City, September 16th, 1879.

M. M. KNAPP, *J.*

Filed September 16th, 1879.

The defendants refused to pay the plaintiff the amounts set

forth in these orders, insisting that the act under which the re-assessments were made did not apply to the township of West Hoboken, and that therefore no liability was imposed upon the township.

It is admitted that the plaintiff's services were worth the amounts fixed by the foregoing orders.

Upon these facts the plaintiff rested, and defendant moved for a nonsuit, which the court refused.

No evidence was introduced by the defendants, and the court directed a verdict for the plaintiff for the sum of $261.50, with interest from September 16th, 1879.

A rule to show cause why the verdict should not be set aside, and judgment entered for the defendant, was applied for and allowed.

The plaintiff's claim is for compensation for services rendered by him as engineer to commissioners of assessment, appointed under an act entitled "An act to provide for the assessment and payment of the costs and expenses incurred in constructing sewers, and making other improvements in townships and villages," approved March 12th, 1878.  *Pamph. L., p.* 70.

The plaintiff recovered below the sum ordered to be paid to him by the Circuit Court of Hudson county, in the proceedings taken under and by virtue of the act of 1878.

The defence is that the act of 1878, under which these proceedings were had, is not applicable to the township of West Hoboken, which, by the act incorporating it (*Pamph. L.* 1871, *p.* 1429,) has power to make improvements, and to authorize a re-assessment where first assessment is set aside.

The insistment is that it applies only to townships organized under the general law, in which improvements have been made by commissioners appointed under special acts.

The first and eighteenth sections of the act of 1878, are so broad and comprehensive in their terms that such a limitation cannot be recognized in their construction.  The act is remedial, and should be liberally interpreted.

If, however, the defendants' view of the statute should be

Fay v. Brewster.

accepted, they could not be permitted to defend upon that basis.

The proceedings were instituted under the act of 1878, by the town committee of West Hoboken; the defendant was employed by the commissioners appointed on their application, and his services were rendered in behalf of the township. He is entitled to his remuneration.

The rule to show cause should be discharged.